J-S34014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RODERICK M. JETER | |
| Appellant | No. 1358 WDA 2013 |

Appeal from the Judgment of Sentence July 19, 2013
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0002038-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY OTT, J.:                         **FILED OCTOBER 21, 2014**

Roderick M. Jeter appeals from the judgment of sentence imposed July 19, 2013, in the Allegheny County Court of Common Pleas.  The trial court imposed an aggregate sentence of four days in a DUI-Alternative to Jail program and a concurrent 18 months' probation following his non-jury conviction of DUI[1] and related charges.  On appeal, Jeter contends the trial court erred when it accepted his silence on the night of his arrest as an admission of guilt.  For the reasons set forth below, we affirm.

The facts underlying Jeter's arrest and conviction are briefly summarized as follows.[2]  At approximately 3:45 a.m. on September 26,

_____

[1] 75 Pa.C.S. § 3802(a)(1).

[2] The trial court's opinion includes a more detailed recitation of the facts. **See** Trial Court Opinion, 12/23/2013, at 3-6.

2012, Jennifer Matassa awoke to a loud noise, and observed a black Ford Mustang hit both her minivan and her husband's truck that were parked in their driveway on Brinley Road in Penn Hills Township, Allegheny County. The vehicle then left the scene and proceeded to crash over a hill on Poketa Road. Michael Ferkatch, who was awakened by the crash, saw Jeter "crawl out of weeds where the vehicle was and stagger up the street[.]" Trial Court Opinion, 12/23/2013, at 4.

A responding police officer observed Jeter, who matched the description of the individual who left the crash scene, walking in the middle of Poketa Road. Jeter appeared to be intoxicated and was carrying a set of car keys to a Ford vehicle. Officer Dennis Lynch, who was investigating the accident scene, arrived to assist the responding officer. Officer Lynch testified that Jeter initially denied any knowledge of the accident. However, after Officer Lynch placed Jeter in the back of his patrol car to transport him to the accident scene, Jeter blurted out, "I'm fucked up. I was driving, and yes, I'm fucked up." *Id.* at 5 (record citation omitted). At trial, Jeter denied driving the Mustang, but rather, claimed the car's owner, Mario Ford, was driving the vehicle on the night of the crash, and that he, Jeter, was only a passenger.[3] When Officer Lynch arrived at the crash scene with Jeter,

---

[3] Ford testified that, sometime prior to that evening, he had turned over the car and keys to Jeter because Jeter was trying to sell the Mustang for him. *See* N.T., 7/19/2013, at 60-63.

Ferkatch identified Jeter as the person he saw crawling up the hill from the scene of the crash.

Jeter was subsequently charged with three counts of DUI, one count of driving while operating privilege is suspended or revoked, and two counts of accidents involving damage to unattended vehicle or property.[4] On April 18, 2013, he filed a pretrial motion seeking to suppress the statement he made to Officer Lynch, as well as his identification by Ferkatch. The case proceeded to a suppression hearing on July 19, 2013. The trial court denied the motion to suppress and proceeded immediately to a bench trial, incorporating the testimony from the suppression hearing. Following some additional testimony, the trial court found Jeter guilty of all charges. That same day, the court sentenced him to four days in a DUI-Alternative to Jail program, and six months concurrent probation for one count of DUI. The court also imposed consecutive probationary terms of six months for driving while under suspension, and 90 days for each count of accidents involving damage to property.

On August 7, 2013, trial counsel filed a petition seeking permission to withdraw because Jeter indicated that he wanted to proceed with a public defender on appeal. The trial court granted the petition the same day, and,

---

[4] 75 Pa.C.S. §§ 3802(a)(1), 1543, and 3745, respectively.

on August 19, 2013, the public defender's office filed a notice of appeal on Jeter's behalf.[5]

On appeal, Jeter argues the trial court violated his constitutional right to remain silent when it considered as an admission of guilt testimony that, on the night of the accident, he did not inform the police officers that another person was driving the vehicle when the accident occurred. Moreover, Jeter contends the error was not harmless because the trial court acknowledged at trial that it considered Jeter's silence as a factor in determining his guilt. Accordingly, he claims he is entitled to a new trial.

Preliminarily, however, we must address the Commonwealth's assertion that this issue is waived. "We have long held that '[f]ailure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal.'" **Commonwealth v. Thoeun Tha**, 64 A.3d 704, 713 (Pa. Super. 2013) (citations omitted).

The testimony at issue was offered by Officer Lynch, following Jeter's testimony that Ford was driving the Mustang at the time of the accident, and that he was merely a passenger. **See** N.T., 7/19/2013, at 85, 90. During Officer Lynch's rebuttal testimony, the following exchange took place:

---

[5] On November 15, 2013, the trial court ordered Jeter to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Jeter complied with the trial court's directive and filed a concise statement on December 6, 2013.

[Commonwealth:]  Officer Lynch, did Mr. Jeter tell you anything about Mr. Ford driving the car that night?

A.  No.

[Commonwealth:]  Was there any mention of anyone other than Mr. Jeter?

A.  No.

*Id.* at 91.  Jeter's trial counsel did not object to Officer Lynch's testimony. Therefore, any challenge to that testimony on direct appeal is waived. ***Thoeun Tha***, ***supra***.

Recognizing this error, Jeter now argues that we should consider his claim as a challenge to trial counsel's ineffectiveness for failure to lodge an objection at trial.  Jeter's Brief at 18-25.  While he concedes that generally, ineffectiveness claims must be deferred until collateral review, Jeter contends an exception should be made in the present case because (1) his short sentence will not allow for the filing of a PCRA petition,[6] (2) the trial court addressed the issue in its opinion, and (3) "there can be no earthly reason or tactic for trial counsel not to have objected to the unconstitutional questioning and rationale by the trial court[.]" *Id.* at 19-20.

Recently, the Pennsylvania Supreme Court in ***Commonwealth v. Holmes***, 79 A.3d 562 (Pa. 2013), reaffirmed the general rule first set forth

---

[6] Pursuant to our calculations, Jeter's probationary term will expire in January of 2015, although Jeter asserts in his brief that "the sentence has already been served[.]"  Jeter's Brief at 21.

in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." *Holmes*, *supra*, 79 A.3d at 576. The *Holmes* Court, however, recognized two exceptions to the general rule: (1) where the trial court determines that a claim of ineffectiveness is "both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" or (2) where the trial court finds "good cause" for unitary review, and the defendant makes a "knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA." *Holmes*, *supra*, 79 A.3d at 564, 577 (footnote omitted).

The first exception is clearly not applicable here since the trial court has not determined that the underlying claim is meritorious. Turning to the second exception, the Supreme Court has explained that it may be available to those defendants whose shorter sentences would otherwise preclude PCRA review.

> Importantly, we specifically identified defendants serving short sentences as those who may avail themselves of the good cause/waiver exception to *Grant*. [*Holmes*, *supra*, 79 A.3d at 578] ("unitary review offers defendants who receive shorter prison sentences or probationary sentences the prospect of litigating their constitutional claims sounding in trial counsel ineffectiveness; for many of these defendants, post-appeal PCRA review may prove unavailable."). Consequently, following *Holmes*, defendants serving short sentences who have obtained

- 6 -

new counsel **may raise their ineffectiveness claims to the trial court in post-verdict motions**, subject to the constraints and consequences described above.

*Commonwealth v. Turner*, 80 A.3d 754, 763 n.7 (Pa. 2013) (emphasis supplied), *cert. denied*, 134 S. Ct. 1771 (U.S. 2014).

The problem in the present case is that Jeter **never filed a post-sentence motion** asking the trial court to consider his ineffectiveness claim on direct appeal, nor did he include the claim in his court-ordered Rule 1925(b) statement.[7]  *See* Pa.R.A.P. 1925(b)(4)(vii) (issues not raised in Rule 1925(b) concise statement are waived on appeal).  Accordingly, the trial court never determined whether Jeter demonstrated "good cause" for unitary review.  *See Holmes*, *supra*.[8]  Therefore, even if Jeter had preserved this claim in his concise statement, we would conclude, pursuant

---

[7] We note Jeter asserts in his brief that "appellate counsel did not have the opportunity to request a hearing on trial counsel's ineffectiveness pursuant to Pa.R.Crim.P. 720."  Jeter's Brief at 20.  Indeed, we acknowledge that a post sentence motion must be filed within 10 days of the imposition of sentence, and, in the present case, trial counsel did not seek permission to withdraw until after that 10-day period had expired.  *See* Pa.R.Crim.P. 720(A)(1).  Therefore, when direct appeal counsel entered his appearance, the time for filing a post-sentence motion had passed.  However, direct appeal counsel could have requested permission to file a post-sentence motion *nunc pro tunc*.  Having neglected to do so, neither appellate counsel nor Jeter can now complain that there was no opportunity to do so.

[8] Moreover, as the Supreme Court acknowledged in **Holmes**, "it should be remembered that, in cases where the only viable issues are collateral, and the sentence is of sufficient length that the defendant will likely satisfy the PCRA custody requirement, the defendant always has the option of proceeding immediately to PCRA review, without first pursuing a direct appeal." *Id.*, 79 A.3d at 580.

to the mandate of **Grant** and its progeny, that his ineffectiveness claim is not cognizable on direct appeal.[9]

Because trial counsel failed to object to the challenged testimony at trial, and Jeter, thereafter, failed to seek review of counsel's ineffectiveness before the trial court on direct appeal, we find the sole issue presented on appeal is waived for our review.[10]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2014

---

[9] Although the **Holmes** decision was filed after the notice of appeal in the present case, prior to **Holmes**, the controlling case on this issue was **Commonwealth v. O'Berg**, 880 A.2d 597 (Pa. 2005), in which our Supreme Court declined to create "a 'short sentence' exception to the general rule announced in **Grant**." **Id.** at 602. The Court explained, "we fear doing so would undermine the very reasons that led to our decision in **Grant** in the first instance." **Id.**

[10] We note that even if we were to conclude the claim was not waived, we would affirm on the basis of the trial court's conclusion that any error in admitting the questions was harmless. **See** Trial Court Opinion, 12/23/2013, at 8-9.