# [J-80-2017][M.O. - Baer, J.]
## IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA , | : | No. 27 WAP 2017 |
| | : | |
| | : | Appeal from the Order of the Superior |
| Appellee | : | Court entered on 12/13/16 at No. 1472 |
| | : | WDA 2015, affirming the judgment of |
| | : | sentence of the Court of Common Pleas |
| | : | of Mercer County entered on 6/23/15 at |
| v. | : | No. CP-43-CR-0001496-2014 |
| | : | |
| EDWARD STEPHEN DELGROS, | : | |
| | : | |
| Appellant | : | SUBMITTED:  November 21, 2017 |

### *CONCURRING OPINION*

**CHIEF JUSTICE SAYLOR**          **DECIDED:  APRIL 26, 2018**

I agree with the majority's adoption of an exception to the general deferral rule for ineffectiveness of counsel claims in instances where the defendant is statutorily precluded from obtaining subsequent PCRA review, as well as the application of that exception to Appellant's circumstances.  However, I differ with the majority's position that the mandate for the exception can or should be divorced from directly applicable constitutional requirements.  *See* Majority Opinion, *slip op.* at 17-18 & n.8.  As I have observed on several occasions since the initial development of the general deferral rule in *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), the procedures applicable to the direct review of deficient stewardship claims "implicate due process as guaranteed by the United States Constitution."  *Id.* at 72, 813 A.2d at 741 (Saylor, J.,

concurring); *see also Commonwealth v. O'Berg*, 584 Pa. 11, 28, 880 A.2d 597, 607 (2005) (Saylor, J., dissenting) ("The alternative [to adopting a short-sentence exception] is to curtail unduly the availability of appellate review to a category of persons relative to claims predicated on their constitutional right to effective representation, a course which seems to me to impinge upon the right of direct appeal guaranteed under the Pennsylvania Constitution." (citing PA. CONST. art. V, §9.)). In this regard, I believe that defendants' constitutional rights to due process, direct appeal, and effective counsel provide the central justification for the present departure from the general deferral rule. *See Commonwealth v. Turner*, 622 Pa. 318, 347, 80 A.3d 754, 771 (2013) (Saylor, J., dissenting) ("I find that the due process and right-to-counsel concerns that [appellant] has asserted overlap with the concern that she should be permitted at least one opportunity to present her constitutional challenges to her judgment of sentence.").[1] Accordingly, I would credit Appellant's argument in this respect. *See* Brief for Appellant at 7-8.

Justice Wecht joins this concurring opinion.

---

[1] As an ancillary observation, although the exception outlined by the majority purports to apply generally to those defendants who are statutorily ineligible for PCRA review, the present matter is predicated on protecting a defendant's constitutional right to effective counsel, *see Commonwealth v. Holmes*, 621 Pa. 595, 622, 79 A.3d 562, 578 (2013), and thus, I do not view this case as addressing those instances in which the right to counsel is not implicated. *See, e.g.*, *Luis v. United States*, __ U.S __, __, 136 S. Ct. 1083, 1089 (2016) (acknowledging the right to counsel when the defendant is "accused of all but the least serious crimes" (citing *Gideon v. Wainwright*, 372 U.S. 335, 344, 83 S. Ct. 792, 796 (1963)).