J-S11003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY BROCKINGTON | : | |
| | : | |
| Appellant | : | No. 3344 EDA 2017 |

Appeal from the Judgment of Sentence January 14, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005030-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY BROCKINGTON | : | |
| | : | |
| Appellant | : | No. 3345 EDA 2017 |

Appeal from the Judgment of Sentence January 14, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005031-2014

BEFORE: SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.: **FILED JULY 1, 2019**

Appellant, Anthony Brockington, appeals *nunc pro tunc* from the January 14, 2015 judgment of sentence. We affirm.

The trial court summarized the facts of the crimes as follows:

> On January 19, 2014 an altercation occurred between Appellant and Commonwealth witness, Awilda Valentine ("AV") in the area of 9th and Erie in the city and county of Philadelphia. Notes of Testimony ("N.T."), 10/24/2014, at 4. Around 8:45 AM,

AV was waiting at the bus stop on her way to work when Appellant approached her. *Id.* at 4. Appellant asked AV if she was waiting for the bus to which she replied "yes." *Id*. at 6. Appellant then told AV that he was waiting for the bus as well but he was going to wait in his car and that AV should join him, to which she declined. *Id.*

A few minutes after the initial conversation, Appellant entered his car, which was parked on 9th Street. *Id*. at 7. AV saw that the car was running when Appellant entered his vehicle because smoke was coming out of the muffler. *Id*. AV then texted her daughter that something "fishy or funny" was occurring and as a result she tried to read the license plate from the vehicle Appellant entered into. *Id*. at 8.

At trial, AV testified she was not aware as to whether Appellant ever exited or came back out of his vehicle. AV testified that she could only see that the car was shaking so she assumed that he was going to come out. AV then took her attention off of Appellant's vehicle to locate the bus. *Id.* at 9. At this point, AV felt two hands grab her shoulders, accompanied by someone saying, "okay, listen, come on." *Id*. at 10. AV then testified that when she felt the grabbing she turned to look and could see Appellant's face. Appellant tried to pull AV and she went about "two or three steps back" before she was able to break free from him. *Id*. Once free, AV ran across the street to a convenience store and called the police. *Id*. at 11. While AV was in the store, she could still see Appellant on the corner calling for her saying, "come on, come on baby." *Id*. A few seconds later, Appellant walked to his car and was able to drive about half way down 9th Street before being stopped by police. *Id*. at 12. Police took AV to where the vehicle was stopped, and she identified Appellant as her attacker. *Id*. at 16.

At trial, Appellant testified on his own behalf. He admitted to having a couple of beers the morning of January 19, 2014. *Id*. at 40. Appellant testified that upon looking out of his home window, he noticed that he had a flat tire so he went outside to inspect his vehicle. *Id.* Per Appellant, no one was on the corner of 9th Street and he never saw AV. *Id.* at 47. Appellant contended that he entered into his vehicle because a "quick blast of cold air" hit him and he sat in the car to get out of the cold. *Id*. Appellant denied that the vehicle's ignition was ever on and further asserted that the police later moved his vehicle from its former parking spot

to his arrest location. *Id*. at 48. Moreover, Appellant denied that AV was brought to his arrest site to identify him. *Id*. at 51.

Trial Court Opinion, 6/22/18, at 2–3.

The trial court summarized the procedural history as follows:

Appellant was held for court on April 30, 2014. On October 24, 2014, the Appellant proceeded via nonjury trial and was found guilty of Simple Assault, Harassment, and [driving under the influence ("DUI").[1]]. On July 14, 2015[2] he was sentenced to two years of probation. Post-sentence motions were filed and were denied by operation of law. No direct appeal was filed. A Post Conviction Relief Act [("PCRA")] Petition was filed on October 20, 2015. Appellant's direct appellate rights were reinstated *nunc pro tunc* on September 12, 2017. The Appellant filed . . . timely appeal[s] on October 9, 2017.[3]

---

[1] 18 Pa.C.S. §§ 2701, 2709, and 75 Pa.C.S. § 3802, respectively. Simple assault and harrassment were charged at Philadelphia Docket Number CP-51-CR-0005030-2014, docketed in this Court at 3344 EDA 2017. DUI was charged at Philadelphia Docket Number CP-51-CR-0005031-2014, docketed in this Court at 3345 EDA 2017.

In addition, the trial court granted a defense motion for judgment of acquittal for attempted kidnapping, recklessly endangering another person, and false imprisonment. Order, 1/24/14; N.T., 10/24/14, at 38.

[2] We note that the sentencing transcript contains an incorrect cover sheet identifying the sentencing hearing as occurring on July 14, 2015. The notes of testimony and trial court docket reflect that sentencing occurred on January 14, 2015. N.T. (Sentencing), 1/14/15, at 1; Docket Entry 65 at Docket Number CP-51-CR-0005030-2014; Docket Entry 60 at Docket Number CP-51-CR-0005031-2014.

[3] Appellant filed notices of appeal from each docket number. Appellant's appeal docketed at 3344 EDA 2017 was dismissed on November 1, 2018, for failure to file a brief. Due to a breakdown in the operations of this Court, Appellant's timely Application for Reconsideration was not resolved until March 11, 2019, at which time we granted reconsideration, vacated the November 1, 2018 dismissal order, and consolidated that appeal with the appeal docketed at 3345 EDA 2017. Order, 3/11/19.

Trial Court Opinion, 6/22/18, at 3. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

Question #1

Did the prosecution's cross-examination of [Appellant] regarding a pending collateral criminal matter constitute prejudical [sic] and harmful error?

Question #2

Was the defense counsel's failure to introduce character testimony harmful error?

Question #3

Was trial counsel ineffective and can it be raised on this appeal to the Superior Court?

Appellant's Brief at 2 (unnecessary capitalization removed).

Appellant first contends the prosecution "impermissibly questioned [Appellant] about a 'pending DUI matter' in an attempt to impeach [Appellant's] credibility. . . ." Appellant's Brief at 6. As noted *supra*, Appellant was charged, *inter alia*, with DUI stemming from the January 19, 2014 incident. At trial, Appellant testified that he had drunk three beers between the hours of 6:00 or 7:00 a.m. and 8:45 a.m. on the morning of the crimes. N.T., 10/24/14, at 40, 45. The defense stipulated to Appellant's breathalyzer results of .171. *Id.* at 30. During cross-examination, the Commonwealth, in response to Appellant's direct testimony that he had been drinking the morning of the crimes, *id.* at 40, asked Appellant about the size of the beer

- 4 -

cans Appellant drank. *Id.* at 53. The exchange between the prosecutor and Appellant was as follows:

> Q. Which ones [size cans] do you drink?
>
> A. I just drink a can, and I don't do that them [sic] anymore.
>
> Q. You don't do what anymore?
>
> A. **I don't drink anymore at all**.
>
> Q. You stopped drinking after this incident?
>
> A. Yes, sir.

*Id.* (emphasis added). Appellant then retracted this testimony and stated that he has "a small drink here and there," but he does not "drive and drink." *Id.* at 54. In response to this testimony, the Commonwealth asked Appellant if he was arrested for DUI "[o]n [M]ay 30th, 2014, four months after this arrest," and Appellant answered, "Yes, I was." *Id.* Defense counsel did not object. The Commonwealth's question merely was in response to Appellant's direct testimony that he no longer drank "at all" and Appellant's further explanation that he did not drink and drive.

The trial court correctly concluded that Appellant's failure to object at trial resulted in waiver of the issue. Trial Court Opinion, 6/22/18, at 4. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *See Commonwealth v. Spell*, 28 A.3d 1274, 1280 (Pa. 2011) (failure to raise a timely objection waives issue). We agree with the trial court that the issue is waived.

In his second issue, Appellant avers that defense counsel did not introduce character testimony, which he describes as a claim of "harmful error." Appellant's Brief at 11. Appellant's argument actually is an allegation of ineffective assistance of counsel for the failure to present character testimony. *Id.* at 11–12. The Commonwealth responds that this issue of ineffective assistance of counsel cannot be reviewed in this direct appeal *nunc pro tunc* but should be deferred to collateral review under the PCRA. Commonwealth's Brief at 6–7.

Absent certain circumstances, "claims of ineffective assistance of counsel are to be deferred to PCRA review; . . . such claims should not be reviewed upon direct appeal." *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (footnote omitted); *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002). There are three exceptions to the general deferral rule.[4]

> The first exception, . . . affords trial courts discretion to entertain ineffectiveness claims in extraordinary circumstances where a discrete claim of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice. The second exception . . . gives trial courts discretion to address ineffectiveness claims on post-sentence motions and direct appeal if there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence.

---

[4] In *Commonwealth v. O'Berg*, 880 A.2d 597, 602 (Pa. 2005), our Supreme Court declined to recognize a categorical exception to *Grant's* general deferral rule, which would have permitted defendants with short sentences who possibly would be ineligible for PCRA review because they would no longer be in custody or under supervision, to present ineffectiveness claims on direct appeal.

*Commonwealth v. Delgros*, 183 A.3d 352, 360 (Pa. 2018) (citations omitted).  The third exception, which was adopted by our Supreme Court in *Delgros*, requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review."  *Id.* at 361.

Because none of the exceptions to *Grant* apply in the instant case, Appellant's ineffectiveness claim must be deferred to collateral review.  For this reason, Appellant's third issue lacks merit, too.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/1/19