J-A29002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BRYAN JOHNSTON O/B/O E.J., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| A. C., A MINOR | : | |
| | : | No. 891 WDA 2024 |
| Appellant | : | |

Appeal from the Order Entered May 8, 2024
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  No. PA-6-002024

BEFORE:  OLSON, J., LANE, J., and BENDER, P.J.E.

JUDGMENT ORDER BY OLSON, J.:               **FILED:  January 9, 2025**

Appellant, A.C., a male minor, appeals from a final protection from abuse (PFA) order entered on May 8, 2024, which disposed of a petition filed by Bryan Johnston (Father) on behalf of his minor daughter, E.J.  We affirm.

On February 23, 2024, on behalf of his daughter, Father filed, and was granted, an emergency PFA petition against Appellant, E.J.'s former boyfriend. The trial court thereafter held a two-day final PFA hearing commencing on May 7, 2024.[1]  On May 8, 2024, the trial court issued a final PFA order with a three-year expiration date and this timely appeal resulted.

---

[1] Therein, E.J. testified, *inter alia*, that Appellant broke into her bedroom while she was sleeping, held her down, and kissed her.  She also testified to instances of Appellant's abuse and stalking at school and while walking home, including pushing her into walls and lockers, tying things around her neck and choking her, tripping her and pulling her hair, threatening and physically

*(Footnote Continued Next Page)*

On appeal, Appellant first argues that the trial court's decision to grant the final PFA was based "solely on the testimony of [E.J. and Father, and] they made many accusations against [] Appellant which were unfounded." *Id.* Appellant contends that, without corroboration, there was insufficient evidence for the trial court to enter the final PFA. *Id.* at 10 ("[E.J.] provided no evidence which showed that [] Appellant was ever physically or sexually abusive towards her … to prove that such actions ever actually occurred.").

Our standard of review for PFA orders is well settled:

> In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion.
>
> The PFA Act does not seek to determine criminal culpability. A petitioner is not required to establish abuse occurred beyond a reasonable doubt, but only to establish it by a preponderance of the evidence. A preponderance of the evidence standard is defined as the greater weight of the evidence, *i.e.*, enough to tip a scale slightly.
>
>> When a claim is presented on appeal that the evidence was not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and, granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. This Court defers to the credibility determinations of the trial court as to witnesses who appeared before it.

---

accosting one of E.J.'s male friends for speaking to her, and threatening self-harm. E.J. testified that as her fear intensified, she took steps to distance herself from Appellant, including blocking his telephone communications, walking different routes, and ultimately taking an absence from school and unenrolling in mutual classes, but Appellant persisted. Father testified that he took steps to keep E.J. safe, including contacting Appellant's mother, enrolling E.J. in virtual schooling for a period of time, and creating a safety plan upon her return to school.

*E.K. v. J.R.A.*, 237 A.3d 509, 519 (Pa. Super. 2020) (cleaned up). "[A parent does] not need to present corroboration of her testimony to meet her burden under the PFA Act[, because a] PFA petitioner's testimony alone, if believed by the trial court, may constitute sufficient evidence of abuse." *Id.* at 523. (citation omitted). Accordingly, we reject Appellant's sufficiency claim and find no abuse of discretion.

Next, Appellant argues that he received ineffective assistance of prior counsel at the final PFA hearing. "[A] PFA proceeding is initiated by an individual, and not the Commonwealth, as is the case with criminal matters under the Crimes Code [and, t]herefore, a PFA proceeding is civil in nature." *Commonwealth v. Bartic*, 303 A.3d 124, 131 (Pa. Super. 2023). By contrast, allegations of ineffective assistance of counsel are quintessentially collateral criminal claims asserted for relief from criminal convictions and sentences; they are expressly cognizable under the Post Conviction Relief Act. *See Commonwealth v. O'Berg*, 880 A.2d 597, 604 (Pa. 2005), *citing* 42 Pa.C.S.A. § 9543. As such, no relief is warranted.[2]

Order affirmed.

---

[2] Finally, in an effort to show that Appellant received ineffective assistance of counsel by failing to enter evidence into the record at trial, current appellate counsel attached copies of salacious text messages between Appellant and E.J. to his appellate brief which were not presented at the final PFA hearing. We caution counsel that we may not consider evidence *dehors* the certified record. *See Sibley v. Weisberg*, 266 A.3d 651 (Pa. Super. 2021) *citing Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008) ("This Court does not rely on items *dehors* the record, such as assertions in an appellate brief[.]").

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 1/9/2025