J-S56028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JORGE SALCEDO | |
| Appellant | No. 576 MDA 2014 |

Appeal from the PCRA Order of March 13, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0000699-2012

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED NOVEMBER 19, 2014**

Jorge Salcedo appeals the March 13, 2014 order, dismissing without a hearing his petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Because Salcedo has finished serving his sentence, he is ineligible for relief under the PCRA.  Consequently, we affirm the PCRA court's order denying relief.

The PCRA court has provided the following history and analysis of the instant matter:

> On October 26, 2012, [Salcedo pleaded] *nolo contendere* to one count of possession of a small amount of marijuana.  He was sentenced that same date to 15 to 30 days[' incarceration] and ordered [to be] released because he had already served the sentence.  He was represented by Patrick Rogan, Esq.

---

[*]    Retired Senior Judge assigned to the Superior Court.

On October 10, 2013, [Salcedo] filed a [PCRA petition] alleging that Mr. Rogan was ineffective for failing to advise him properly of the consequences of his plea on his immigration status. Kurt Lynott, Esq. was appointed to represent [Salcedo]. On February 19, 2014, Mr. Lynott filed a Motion to Withdraw as Counsel and [a] *Turner-Finley letter*.[1] On March 13, 2014, this motion was granted and [the PCRA] court issued a Memorandum and Order dismissing the PCRA petition.[2]

_____

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (collectively outlining the procedure by which appointed counsel may seek to withdraw when he finds no meritorious grounds for relief to pursue under the PCRA).

[2] Neither the docket nor the certified record reflects that appointed counsel properly filed his *Turner*/*Finley* letter and petition to withdraw as counsel. Moreover, neither the PCRA court's procedural account nor the docket or certified record indicates that the court filed and served upon Salcedo a notice of intent to dismiss the petition without a hearing, as unequivocally required by Pa.R.Crim.P. 907(1). Although these omissions are troubling, this Court has held that the absence of a Rule 907(1) notice is a matter that the appellant must raise before this Court on peril of waiver. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (citing *Commonwealth v. Boyd*, 923 A.2d 513, 514 n.1 (Pa. Super. 2007)). Furthermore, while we cannot confirm that counsel ever served Salcedo with his *Turner*/*Finley* letter, petition to withdraw, and letter explaining to Salcedo his rights to proceed *pro se* or with retained counsel and to file a rebuttal to the PCRA court's notice, the PCRA court referred to those items in its opinion pursuant to Pa.R.A.P. 1925(a) and Salcedo has made no protest to this Court. Furthermore, in light of our disposition of this case, it appears that the PCRA court lacked jurisdiction over this petition for reasons that are not subject to material dispute. Under such circumstances, remanding this case so that the PCRA court may perfect the certified record would merely protract proceedings destined for the same result. Moreover, it is an appellant's burden to confirm that the certified record contains all materials necessary to adjudicate his appeal. *See Commonwealth v. Spotti*, 94 A.3d 367, 381 (Pa. Super. 2014) ("The Rules of Appellate Procedure place the burden on the appellant to ensure that the record contains what is necessary to effectuate appellate review . . . ."). Thus, despite our reservations, we will not order relief *sua sponte* for these oversights.

On March 27, 2014, [Salcedo] filed a Notice of Appeal, and on April 3, 2014, [the PCRA] court ordered him to file a concise statement of [errors] complained of on appeal. [*See* Pa.R.A.P. 1925(b).] On April 24, 2014, [Salcedo] filed a [Rule 1925(b)] statement. In his concise statement, [Salcedo] alleges that [the PCRA] court erred in finding that he was not eligible for PCRA relief because his sentence had been served in this case since he is still incarcerated as a direct result of his conviction in this case. However, [Salcedo] has finished serving the sentence for the crime committed in this case, so he is not eligible for PCRA relief in this case. *See* PCRA Court Memorandum and Order, 3/13/2014. He is currently being detained by the Department of Homeland Security for deportation proceedings. He also alleges that the [PCRA] court should have treated his petition as a writ of *coram nobis*, but the common law writ of *coram nobis* does not survive as an alternative remedy outside the PCRA. 42 Pa.C.S. § 9542; *Commonwealth v. Fiore*, 665 A.2d 1185 (Pa. Super. 1995).

PCRA Court Opinion, 5/22/2014, at 1-2 (citations modified).

Before this Court, Salcedo raises the following issues:

I. Whether the PCRA court erred in claiming that Salcedo is ineligible to file a PCRA petition.

II. Whether the PCRA court erred in not treating Salcedo's PCRA petition as a petition for writ of *coram nobis*, because the court violated Salcedo's due process rights and his attorney has shown ineffectiveness of counsel by incorrectly advising Salcedo of the immigration consequence of the plea, misrepresenting the immigration laws, and by misrepresenting himself as having knowledge, understanding, and experience in the immigration laws.

III. Whether the PCRA court erred in not allowing Salcedo an opportunity to challenge his conviction and show how his due process rights were violated during his proceedings and how it was conducted, because immediately after Salcedo pleaded *nolo contendere* on October 26, 2014 . . . he was ineligible for PCRA relief because he was incarcerated for 226 days without being brought to trial . . ., therefore immediately his sentence was expired. Salcedo did not know that he needed to challenge and vacate his conviction until months after he was detained by

- 3 -

United States Immigration and Customs Enforcement ("ICE"). Salcedo was informed by an immigration attorney and had done some research and found out that his trial attorney was ineffective, incompetent and had misadvised Salcedo and incorrectly informed Salcedo of the immigration consequences of his plea and Salcedo has no other remedy to challenge and vacate his conviction in order for Salcedo to be eligible for a sort of relief from deportation and not to be separated from his wife and 2 children that they have together and are United States citizens.

Brief for Salcedo at 2-3 (revised for clarity). The important common element of these issues is that they hinge upon whether plea counsel rendered constitutionally ineffective assistance of counsel ("IAC").

Before we look to the merits of Salcedo's claims, we must determine whether the PCRA court had jurisdiction to adjudicate his petition in the first instance.[3] Although Salcedo couches his petition in terms of the common-law writ of *coram nobis*, we have held in general that relief for such questions must be sought under the PCRA:

Appellant's claim for [IAC] in connection with advice rendered regarding whether to plead guilty is cognizable under the PCRA pursuant to 42 Pa.C.S. § 9543(a)(2)(ii). **See Commonwealth v. Lynch**, 820 A.2d 728, 731-32 (Pa. Super. 2003) ("If [IAC] caused the defendant to enter an involuntary or unknowing plea, the PCRA will afford the defendant relief."); **Commonwealth v. Rathfon**, 899 A.2d 365, 369 (Pa. Super. 2006).

_____

[3] "An objection to lack of subject-matter jurisdiction can never be waived; it may be raised at any stage in the proceedings by the parties or by a court in its own motion." **Commonwealth v. Little**, 314 A.2d 270, 272 (Pa. 1974).

***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (footnote omitted; citations modified).[4]

This general rule is not without exception.  This Court's recent *en banc* decision in ***Commonwealth v. Descardes***, No. 2836 EDA 2010, 2014 WL 4696243 (Pa. Super. Sept. 23, 2014) (*en banc*), for example, qualified that principle relative to circumstances where the entry of a plea may adversely affect one's immigration status or lead to deportation.  In ***Descardes***, the appellant, Claude Descardes, sought *coram nobis* relief in the PCRA court for IAC, arguing that counsel had failed to inform him of the immigration consequences of his plea in violation of the United States Supreme Court's decision in ***Padilla v. Kentucky***, 559 U.S. 356 (2010).  The PCRA court treated Descardes' petition as one filed pursuant to the PCRA, and denied relief on the basis that the petition was untimely.  ***Descardes***, 2014 WL 4696234, at *1.

On appeal this Court observed that Descardes was no longer in custody, and thus could not seek relief under the PCRA.  ***Id.*** at *2-3.

---

[4]     Our standard of review of a PCRA court order granting or denying relief calls upon us to determine "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011).  We will not disturb the PCRA court's findings unless there is no support for the findings in the certified record.  ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012).

However, because **Padilla** was decided after Descardes' sentence expired, Descardes' claim lay in a narrow band of collateral claims not cognizable under the PCRA:

> Because Descardes' specific [IAC] claim was not recognized until well after the time he had to file a timely PCRA petition, *coram nobis* review should be available to him. Descardes is no longer in custody, thus the PCRA provides no relief, but he continues to suffer the serious consequences of his deportation . . . ."

*Id.* at *3. Consequently, Descardes' avenue for relief necessarily lay outside the confines of the PCRA, and therefore was not subject to its procedural requirements or jurisdictional limitations. ***Id.***; **see Commonwealth v. Judge**, 916 A.2d 511, 521 (Pa. 2007) ("[S]ince the PCRA does not provide a remedy for Appellant's claims regarding the Committee's determination that his deportation from Canada violated [an international compact], they may be raised in a petition for writ of *habeas corpus*."). Nonetheless, because the United States Supreme Court ultimately held that the new constitutional rule announced in **Padilla** did not apply retroactively, **see Chaidez v. United States**, 133 S.Ct. 1103 (2013), we held that it could not support Descardes' collateral challenge via *coram nobis*, and we denied relief. 2014 WL 4696234, at *4.

In order to resolve the jurisdictional question at issue in the instant case, we must determine whether **Descardes** necessitates categorizing this case as one lying outside the framework of the PCRA and hence not subject to its strictures. We find that it does not. In **Commonwealth v. West**, 938

A.2d 1034 (Pa. 2007), as in **Judge**, our Supreme Court recognized that common-law *habeas corpus* relief remained available for collateral claims that were not cognizable under the PCRA. In **West**, the Court held as follows:

> West's substantive due process challenge to the continuing validity of his judgment of sentence, following nine years of pre-incarceration delay, falls outside the ambit of the potential claims cognizable under the PCRA. As in **Judge**, West's claim does not implicate the truth determining process underlying his conviction and sentence, nor does it implicate the legality of the sentence imposed. Rather, West asserts that incarcerating him on such a sentence after the significant delay between the time of sentencing and the time he was recalled is fundamentally unfair and constitutionally infirm. Thus, as we conclude that West could not pursue this claim through the PCRA, we find that the Superior Court properly reviewed it pursuant to *habeas corpus*.

938 A.2d at 1044-45.

Our Supreme Court has held that the rare circumstance in which collateral relief may be available outside the confines of the PCRA extends "only to those rare instances where a defendant seeking . . . relief is not, **and never was**, eligible to seek collateral relief under the PCRA because he could not satisfy the PCRA's custody requirement." **Commonwealth v. Hall**, 771 A.2d 1232, 1236-37 (Pa. 2001) (emphasis added) (quoting **Commonwealth v. Murray**, 753 A.2d 201, 203 n.2 (Pa. 2000), *abrogated on other grounds by* **Commonwealth v. Brown**, 943 A.2d 264 (Pa. 2008)). Thus, what unites **Judge**, **West**, and **Descardes** is that in each case there was never a moment during which the petitioner was eligible for PCRA relief

for the matters complained of. In **Judge** and **West**, the claims in question did not fall within the categories of claims cognizable under the language of the PCRA. In **Descardes**, the petitioner, having been released from custody immediately upon the entry of his judgment of sentence, never had an opportunity to challenge the effectiveness of his guilty plea counsel, even though such an IAC claim technically would be cognizable under the PCRA.

The same is not true of Salcedo in the instant case. As in **Descardes**, Salcedo's claim of IAC in connection with the entry of a *nolo contendere* plea is, on its face, cognizable under the PCRA. **See** 42 Pa.C.S. §§ 9543(a)(2)(ii) (IAC), (iii) (unlawfully induced guilty plea). However, unlike in **Descardes**, upon the entry of his plea, Salcedo commenced serving a one-year sentence of probation. Thus, for a year following Salcedo's plea, he had the prerogative to seek relief under the PCRA, but did not do so until he had served the lion's share of his sentence.

It is true that even a one-year sentence, as a practical matter, may provide insufficient time to litigate fully a petition for relief under the PCRA. However, Pennsylvania courts have never held that the difficulties faced by a would-be PCRA petitioner due to the brevity of his sentence necessitates relief by other means, such as the writ of *habeas corpus* or *coram nobis*. Indeed, our Supreme Court has **rejected** the invitation to create a short-sentence exception to the PCRA's jurisdictional requirement that a petitioner currently be serving a sentence of imprisonment, probation or parole for his crime, as required by PCRA subsection 9543(a)(1)(i). **See Commonwealth**

***v. O'Berg***, 880 A.2d 597 (Pa. 2005) (rejecting the argument that the Court should create an exception to the rule that ineffectiveness claims cannot be raised on direct appeal in cases where the brevity of the sentence may render it impossible for a defendant to fully litigate his direct appeal and a subsequent petition for collateral relief).

For the foregoing reasons, we are constrained to conclude that, as a jurisdictional matter, Salcedo's claims of IAC leading to the inducement of a guilty plea that was not knowing or voluntary were cognizable under the PCRA upon the entry of his judgment of sentence and could have been pursued under the PCRA's auspices at that time. Accordingly, Salcedo must be held to the PCRA's requirement that he be serving a sentence at all times during the pendency of his PCRA petition.

Salcedo does not dispute that his one-year probation sentence long since has expired. His only rebuttal *vis-à-vis* the PCRA's requirements is that his allegedly ongoing detention by ICE is tantamount to the continued service of a sentence for the crime to which he pleaded guilty. He cites no legal authority that supports his argument and we are unaware of none. Moreover, the plain terms of the PCRA resist such an exception, in that they require that a petitioner is "currently serving a sentence . . . **for the crime**." 42 Pa.C.S. § 9543(a)(1)(i) (emphasis added). While Salcedo may be in ICE's custody, neither is that detention, itself, a "sentence," as such, nor is it imprisonment "for the crime," even if the imprisonment arose collaterally as a consequence of Salcedo's plea.

Having concluded that Salcedo's claims technically are cognizable under the PCRA, he necessarily must satisfy all of the prerequisites to seeking and obtaining relief under the PCRA. Because he cannot satisfy PCRA subsection 9543(a)(1)(i), he is barred from seeking collateral relief for IAC associated with his *nolo contendere* plea.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2014