J-S44034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDRE JAMAL JACKSON | |
| Appellant | No. 290 WDA 2014 |

Appeal from the PCRA Order April 23, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003387-2000

BEFORE: BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 21, 2014**

Andre Jamal Jackson appeals from the denial, without a hearing, of his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.* Jackson's counsel has filed a ***Turner/Finley***[1] no-merit letter and concurrent petition to withdraw as counsel.[2] The PCRA court denied Jackson's petition because he is ineligible for relief, having served his

_____

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

[2] This matter is before us from remand. ***See*** Order, 3/31/2014. As the underlying petition is Jackson's first PCRA petition, he was entitled to appointment of counsel. Counsel was appointed and he entered his appearance in this Court. ***See*** Order April 15, 2014. The matter is now properly before this panel. ***See also***, ***Commonwealth v. Hart***, 911 A.2d 939, 942 (Pa. Super. 2005) (harmless error from original failure to appoint counsel when petitioner's sentence had expired).

sentence in its entirety.  Following a thorough review of the certified record, submissions by the parties, and relevant law, we grant counsel's petition to withdraw and affirm the Order below.

Initially, we note:

> Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Heredia***, 97 A.3d 392, 294 (Pa. Super. 2014 )(citation omitted).

Further, in conjunction with filing the ***Turner/Finley*** brief, counsel has also provided Jackson with a copy of the brief, notified Jackson of his request to withdraw, and of his rights to retain new counsel or file his own brief.

We need not conduct a lengthy recital of the facts and procedural history of this matter.  To be eligible for relief pursuant to the PCRA, the petitioner must be currently serving a sentence for the crime.  ***See*** 42 Pa.C.S. § 9543(a)(1)(i).[3]

---

[3] Specifically, the statute reads in relevant part:

> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

*(Footnote Continued Next Page)*

- 2 -

The certified record reveals that Jackson plead guilty to drug charges in 2000 and was sentenced to an aggregate term of 9-18 months' incarceration to be followed by one year of probation, effective January 4, 2001.  Accordingly, Jackson's sentence expired on July 4, 2003.  The certified record also reveals that no appeals were taken from that judgment of sentence and Jackson did not violate parole or probation.  However, in 2010, Jackson was indicted on drug charges by federal authorities.  He pled guilty in 2011 and was subsequently sentenced to 188 months' incarceration to be followed by four years of supervised release.  The federal sentence was enhanced due to Jackson's state conviction.  In **2013**, Jackson filed this PCRA petition, challenging his judgment of sentence for his 2000 conviction.

The PCRA court found that Jackson's state judgment of sentence has expired.  **See** Opinion, 2/14/2014, at 1.  Our review confirms this fact.  As such, Jackson has no standing to bring a PCRA petition, and we may not address the merits of the present PCRA petition filed.  **See Commonwealth v. Ahlborn**, 699 A.2d 718 (Pa. 1997) (PCRA eligibility limited to those

*(Footnote Continued)* ─────────────────

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> > (i) currently serving a sentence of imprisonment, probation or parole for the crime;

42 Pa.C.S. § 9543(a)(1)(i).

serving sentence by plain language of statute). ***See also Commonwealth v. O'Berg***, 880 A.2d 597 (Pa. 2005) (same).[4]

Accordingly, we are required to affirm the PCRA court's order dismissing Jackson's petition without a hearing. Motion to withdraw as counsel is granted.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2014

_____

[4] Additionally, we note that proper notice, pursuant to Pa.R.Crim.P. 907, was provided by the PCRA court to Jackson regarding notice of intent to dismiss the petition without a hearing.