J-A29034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN SHICK, | : | |
| | : | |
| Appellant | : | No. 1950 WDA 2014 |

Appeal from the Judgment of Sentence October 31, 2014
in the Court of Common Pleas of Mercer County,
Criminal Division, No. CP-43-SA-0000043-2014

BEFORE: FORD ELLIOTT, P.J.E., BOWES and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED JANUARY 19, 2016**

Steven Shick ("Shick"), *pro se*, appeals from the judgment of sentence

entered following his summary conviction of defiant trespass.[1]  We affirm.

The trial court summarized the factual history underlying the instant

appeal as follows:

> On June 6, 2014, [Shick] attended a Methodist Conference
> at Grove City College.  [Shick's] purpose for being at the
> conference was to protest the church, and [Shick] stood outside
> the conference site holding a sign displaying messages of, *inter
> alia*, hypocrisy within the Methodist [C]hurch.  As [Shick]
> continued his protest, Lance Tucker ["Officer Tucker"], a security
> officer for the Methodist Conference, asked [Shick] to leave the
> premises.  [Shick] refused.
>
> In response, [Officer] Tucker informed Kent McFadden
> ["McFadden"], the Assistant Director of Campus Safety at Grove
> City College, of the protest and asked for assistance from the
> college.  [] McFadden approached [Shick] and also asked him to
> leave the campus or [McFadden] would have to call the police.

---

[1] 18 Pa.C.S.A. § 3503(b).

[Shick] again refused to leave the premises. [] McFadden then contacted the Grove City Police Department. [Grove City Police] Officer [Michael] Allias ["Officer Allias"] responded and arrived to find … [Shick] still on the premises holding his sign. Officer Allias asked [Shick] to leave twice, but [Shick] refused[,] saying that [Officer Allias] would just have to arrest him. Officer Allias did so, and [Shick] was convicted of defiant trespass[] by Magisterial District Judge Neil McEwen on June 25, 2014.

[Shick] appealed his conviction to [the trial c]ourt. After a *de novo* hearing on October 31, 2014, [the trial c]ourt upheld the defiant trespass conviction ….

Trial Court Opinion, 1/13/15, at 1-2. The trial court sentenced Shick to seven to fourteen days in jail, and ordered him to pay the costs of prosecution. Thereafter, Shick filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Shick presents the following issues for our review:

I. Whether trial counsel, William Jack Cline, Esquire ("Attorney Cline"), rendered ineffective assistance by not presenting certain witnesses, who would have testified that Shick had permission to be on the property and protest at the Conference?

II. Whether the evidence was sufficient to sustain Shick's conviction of defiant trespass where (a) the property is not marked as private property; (b) Grove City College does not restrict entry or exit by means of security personnel or gates; (c) Grove City College failed to notify Shick that he is not permitted on the property during the United Methodist Annual Conference, (d) Shick had informed Patricia Priester ("Priester"), the campus events and conference manager, regarding his intention to protest the Conference, and she did not prohibit Shick's presence on the property to protest, and, in fact, delegated the matter to the Methodist Conference for their response and permission; (e) Bishop Thomas Bickerton ("Bishop

Bickerton"), the highest authority attending the conference, granted Shick permission to be on campus and attend the Conference as a visitor and member of the denomination; (f) Shick had registered for the Conference and proof of his registration was worn by Shick at the time he was contacted by security officers; (e) the Reverend Greg Cox ("Reverend Cox"), by email, approved Shick's attendance at the Conference; (g) testimony established that Shick was not bothering anyone or protesting in any building; and (h) contrary to the charges against him, Shick was not protesting the fact of the Conference being held on Grove City College campus?

*See generally* Brief for Appellant at 1-12 (unnumbered).[2]

Shick first claims that Attorney Cline rendered ineffective assistance when he failed to present certain witnesses at trial. *See id.* at 4. According to Shick, he had asked Attorney Cline to subpoena Bishop Bickerton, Reverend Cox, and Bishop Bickerton's executive secretary. *Id.* Shick claims that the testimony of those witnesses "would have been so important to prove without a doubt their approval of my presence and conduct at this

---

[2] "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005) (citing *Commonwealth v. Lyons*, 833 A.2d 245, 252 (Pa. Super. 2003)). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Adams*, 882 A.2d at 498 (citing *Commonwealth v. Rivera*, 685 A.2d 1011 (Pa. Super. 1996)). While the defects in Shick's brief are numerous, and warrant dismissal of the appeal, we decline to do so in this instance.

2014 Annual Conference." *Id.*

Generally, claims of ineffective assistance of counsel are to be deferred to collateral review under the Post Conviction Relief Act ("PCRA").[3] Under the plain language of the PCRA, an appellant is only eligible for post-conviction relief if he is "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1). Our Supreme Court has declined to create an exception to this rule where the appellant was serving a "short sentence." *Commonwealth v. O'Berg*, 880 A.2d 597, 602 (Pa. 2005). Accordingly, we cannot address Shick's ineffectiveness claim in this direct appeal.[4]

Shick next challenges the sufficiency of the evidence underlying his conviction of defiant trespass. In his *pro se* brief, Shick refers to testimony indicating that he had permission to protest during the conference. Brief for Appellant at 10 (unnumbered). Shick points out that he had informed Officer Tucker that Reverend Cox had granted him permission to protest. *Id.* Shick further argues that Officer Tucker refused Shick's request to consult with Reverend Cox and Bishop Bickerton. *Id.* According to Shick, he "was a victim of very poor communication that could have been corrected by a simple call to either Reverend [] Cox or Bishop [Bickerton]." *Id.*

---

[3] *See* 42 Pa.C.S.A. §§ 9541-9546.

[4] Even if we could address Shick's ineffectiveness claim, we would conclude that he is not entitled to relief for the reasons stated in the trial court's January 13, 2015 Opinion. *See* Trial Court Opinion, 1/13/15, at 4.

In reviewing a challenge to the sufficiency of the evidence, we evaluate the record "in the light most favorable to the verdict winner[,] giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." ***Commonwealth v. Bibbs***, 970 A.2d 440, 445 (Pa. Super. 2009) (citation omitted).

> Evidence will be deemed sufficient to support the verdict when it established each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty, and may sustain its burden by means of wholly circumstantial evidence.[5] Significantly, [we] may not substitute [our] judgment for that of the factfinder; if the record contains support for the convictions they may not be disturbed.

***Id.*** (citation and quotation marks omitted, footnote added). "Any doubt about the defendant's guilt is to be resolved by the factfinder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." ***Commonwealth v. Scott***, 967 A.2d 995, 998 (Pa. Super. 2009).

Upon our review of the parties' briefs, and the certified record, we agree with the sound reasoning of the trial court, as stated in its Opinion, that Shick's claim lacks merit. ***See*** Trial Court Opinion, 1/13/15, at 4-6. We therefore affirm on the basis of the trial court's Opinion with regard to this claim. ***See id.***; ***see also Commonwealth v. Toland***, 995 A.2d 1242, 1245

---

[5] "[C]ircumstantial evidence is reviewed by the same standard as direct evidence—a decision by the trial court will be affirmed so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." ***Commonwealth v. Bricker***, 882 A.2d 1008, 1014 (Pa. Super. 2005) (internal quotation marks and citation omitted).

(Pa. Super. 2010) (stating that the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence); ***Commonwealth v. Manley***, 985 A.2d 256, 262 (Pa. Super. 2009) (recognizing that an appellate court cannot substitute its judgment for that of the trier of fact).

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/19/2016

## IN THE COURT OF COMMON PLEAS OF MERCER COUNTY, PENNSYLVANIA
### CRIMINAL

COMMONWEALTH OF
PENNSYLVANIA,

       v.

STEVEN SHICK,
    Defendant.

No. SA 2014-43

### 1925 OPINION

Defendant Steven Shick has appealed to the Superior Court of Pennsylvania this Court's October 31, 2014 Order finding Defendant guilty of defiant trespass, in violation of 18 Pa.C.S.A. § 3503(b). To the best of its ability, this Court understands Defendant to raise two main issues for appeal in his *pro se* "Statement of Issues for Complaint of Appeal to the Superior Court of Pittsburgh, PA":[1]

1.    Ineffective Attorney: William Jack Cline
    a.  Attorney Cline did not subpoena all the witnesses I requested to prove my not guilty plea.
    b.  Attorney Cline excused one witness Reverend Greg Cox from appearing in court at my request. Greg Cox did not give a complete or correct statement to Attorney Cline – Attorney Cline did not investigate his claims thoroughly.
2.    The charges against me in the police criminal report are false. Attorney Cline neglected to enter and prove they were false.
    a.  False charge: I was protesting the Methodist convention currently in session.
    b.  False charge: that I was not licensed or privileged to be on Grove City College Campus and remain there.

(Statement of Issues for Complaint of Appeal to the Superior Court of Pittsburgh, PA, 1-7).

---

[1] This Court lists Defendant's issues on appeal nearly identically to the way Defendant does in his statement.



## BACKGROUND

On June 6, 2014, Defendant attended a Methodist Conference at Grove City College. Defendant's purpose for being at the conference was to protest the church, and Defendant stood outside the conference site holding a sign displaying messages of, *inter alia*, hypocrisy within the Methodist church. As Defendant continued his protest, Lance Tucker, a security officer for the Methodist Conference, asked Defendant to leave the premises. Defendant refused.

In response, Mr. Tucker informed Kent McFadden, the Assistant Director of Campus Safety at Grove City College, of the protest and asked for assistance from the college. Mr. McFadden approached Defendant and also asked him to leave campus or that he would have to call the police. Defendant again refused to leave the premises. Mr. McFadden then contacted the Grove City Police Department. Officer Allias responded and arrived to find Defendant, Steven Shick, still on the premises holding his sign. Officer Allias asked the Defendant to leave twice, but Defendant refused saying that he would just have to arrest him. Officer Allias did so, and Defendant was convicted of violating 18 Pa.C.S.A. § 3503(b)(1), defiant trespass, by Magisterial District Judge Neil McEwen on June 25, 2014.

Defendant appealed his conviction to this Court. After a *de novo* hearing on October 31, 2014, this Court upheld the defiant trespass conviction below. The evidence from the Commonwealth overwhelmingly demonstrated that Defendant was trespassing on Grove City College property and that he refused to leave. Defendant's defense at the hearing was that Defendant had permission by the Methodist Conference to protest outside the event space. However, the Commonwealth presented evidence that the

2

Methodist Conference reserved to right to have Lance Tucker ask Defendant to stop protesting, if he found Defendant to be a disruption. Further, the Commonwealth provided testimony that Grove City College still maintained security responsibilities during these events and that the college could respond to disturbances on campus.

Defendant has submitted a *pro se* Statement of Issues for Complaint of Appeal to the Superior Court of Pittsburgh, PA, where Defendant lists two issues, one of which relates to alleged errors by defense counsel. The remaining issue relates to Defendant's "privilege" and "preparedness" to protest the Methodist Convention.

## DISCUSSION

Defendant inartfully raises two issues on appeal. The Court interprets these issues as 1) ineffective assistance of counsel and 2) sufficiency of the evidence. For the reasons discussed below, the ineffective assistance claim would be more appropriately reviewed collaterally, and the sufficiency of the evidence claim is without merit.

### A.     Defendant's claims against counsel William Cline

In his first issue on appeal, Defendant claims that his counsel failed to subpoena witnesses and to thoroughly investigate certain claims. This essentially amounts to a claim of ineffective assistance of counsel. Regarding these types of claims on direct appeal, the Superior Court has stated "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Com. v. Grant*, 813 A.2d 726, 738 (Pa. Super. Ct. 2003). The Superior Court adopted this rule, at least in part, because ineffective assistance claims are often not apparent on the record. *Id.* at 737. The *Grant* court suggested that exceptions to the general rule could exist when "there has been a complete or constructive denial of counsel or that counsel has breached his or her

3

duty of loyalty." *Id.*, fn 14. However, Defendant has not asserted any such complete denial of counsel or a breach of the duty of loyalty.

Here, Defendant alleges that his attorney failed to subpoena all of the witnesses that Defendant requested. Defendant further alleges that his attorney failed to investigate the claims of a Reverend Greg Cox. The record lacks any facts indicating which witnesses Defendant's counsel purportedly failed to subpoena. In his statement listing issues on appeal, Defendant does not name specific witnesses that his attorney refused to subpoena (except Reverend Greg Cox) or how subpoenaing any of those witnesses would have created a reasonable probability that the outcome of the proceedings would have been different. Because the record is devoid of necessary facts, it is more appropriate for Defendant to raise this issue on collateral review, as per *Grant*.

## B. Defendant's claims of false charges

In his second issue on appeal, Defendant claims that the charges brought against him are false. Essentially Defendant argues that he had a right to protest at the college at the time he was arrested. This Court interprets Defendant's language to raise a sufficiency of the evidence challenge, contending that the Commonwealth did not prove beyond a reasonable doubt that Defendant was guilty of defiant trespass. Assuming this to be the crux of Defendant's issue, it is without merit.

Regarding sufficiency of the evidence, the Superior Court has stated:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the

4

> facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Com. v. Snyder*, 870 A.2d 336, 350 (Pa. Super. Ct. 2005). In order to find the defendant guilty of defiant trespass, the Commonwealth must demonstrate that Defendant, knowing that he is not licensed or privileged to do so, entered or remained in any place as to which notice against trespass is given. 18 Pa.C.S.A. § 3503(b)(1). Notice can be given by direct communication with the actor or through a posting in a manner prescribed by law. 18 Pa.C.S.A. § 3503(b)(1)(i), (ii).

At the hearing, Kent McFadden and Officer Allias testified that Defendant had been asked by several individuals to stop protesting and to leave campus at least four times. Hearing Transcript, pp. 5, 7. Defendant also admitted to protesting on the campus at the time he was arrested. Hearing Transcript, p. 28. Defendant's primary defense at the hearing was that he had been in contact with people in the Methodist Conference and that he had permission to protest outside the conference. However, the Commonwealth provided credible testimony stating that Grove City College still maintained the right to oversee security of these events and, if necessary, to ask people to leave. Hearing Transcript, p. 15. Further, Defendant admitted that even though he had an agreement with the Methodist Conference that he could protest outside the event, he could still be asked

5

to stop protesting by Lance Tucker if it was determined that he was causing a disruption. Hearing Transcript, pp. 30-31.

This Court found the testimony of the Commonwealth witnesses to be fully credible. Further, this Court found that Defendant's defense (i.e., that he had permission to protest from the Methodist Conference) did not negate the charge of defiant trespass after Defendant was asked to leave the campus by Lance Tucker, Kent McFadden, and Officer Allias, yet Defendant refused to do so. Defendant was given multiple warnings that he would be arrested if he did not leave, and Defendant still chose to remain on the campus protesting. The Commonwealth proved beyond a reasonable doubt that Defendant is guilty of defiant trespass. As such, there is sufficient evidence for Defendant's conviction and therefore this issue is without merit.

Accordingly, the Superior Court should reject Defendant Steven Shick's appeal and uphold this Court's Order finding Defendant guilty of defiant trespass.

BY THE COURT,

_____, J.
Robert G. Yeatts, Judge