J-S19030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KALIS BRIGGS | : | |
| | : | |
| Appellant | : | No. 1784 EDA 2019 |

Appeal from the PCRA Order Entered May 21, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0201891-2003

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KALIS BRIGGS | : | |
| | : | |
| Appellant | : | No. 1785 EDA 2019 |

Appeal from the PCRA Order Entered May 21, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0204551-2003

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KALIS BRIGGS | : | |
| | : | |
| Appellant | : | No. 1786 EDA 2019 |

Appeal from the PCRA Order Entered May 21, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0027022-2014

BEFORE:  BOWES, J., McCAFFERY, J., and MUSMANNO, J.

J-S19030-20

MEMORANDUM BY McCAFFERY, J.:                    **FILED JUNE 03, 2020**

In these consolidated cases,[1] Kalis Briggs (Appellant) appeals from the orders entered in the Philadelphia Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act (PCRA),[2] seeking collateral relief from convictions in three separate cases.  On appeal, Appellant contends the PCRA court erred when it determined he was barred from seeking PCRA relief because he is no longer serving a sentence on the conviction for which he alleges trial counsel's ineffective assistance.  We affirm.

On July 7, 2004, Appellant entered open guilty pleas in the following cases:  (1) at Docket CP-51-CR-0201891-2003 (1891-2003), he pled guilty to four counts of robbery,[3] and (2) at Docket No. CP-51-CR-0204551-2003 (4551-2003), he pled guilty to one count each of robbery and criminal conspiracy.[4]  That same day, the trial court sentenced Appellant to five to 10 years' imprisonment on each of the robbery convictions, all to be served concurrently, and a consecutive term of five years' probation for criminal conspiracy.  No direct appeal was filed.

---

[1] On January 2, 2020, this Court entered an order consolidating these appeals *sua sponte*.  Order, 1/2/20.

[2] 42 Pa.C.S. §§ 9541-9546.

[3] 18 Pa.C.S. § 3701.

[4] 18 Pa.C.S. 903.

On March 30, 2007, Appellant filed a *pro se* first PCRA petition, listing both Docket Nos. 1891-2003 and 4551-2003. Counsel was appointed, but later sought leave to withdraw, and filed a **Turner**/**Finley**[5] "no merit" letter. On February 1, 2008, the PCRA court denied Appellant's petition, and permitted counsel to withdraw.

On June 4, 2010, Appellant filed a second *pro se* PCRA petition, again challenging his convictions at both Docket Nos. 1891-2003 and 4551-2003. **See** Appellant's Motion for Post Conviction Collateral Relief, 6/4/10. Our review of the certified records reveals no action was taken on this petition.

Seven years later, on May 25, 2014, while out of prison,[6] but still on probation for the conspiracy charge, Appellant was arrested for violating a protection from abuse (PFA) order.[7] While incarcerated awaiting trial, Appellant, on July 21, 2014, threatened a prison guard and was charged with terroristic threats[8] at Docket MC-51-CR-0027022-2014 (7022-2014). On December 11, 2014, Appellant appeared for a combined probation violation/guilty plea hearing. At that time, Appellant entered a negotiated

---

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[6] The record reveals Appellant served the maximum aggregate 10-year term for his robbery convictions at Docket Nos. 1892-2003 and 4551-2003. **See** N.T., 12/11/14, at 15.

[7] The PFA case was later withdrawn. PCRA Ct. Op., 10/22/19, at 1 (unpaginated).

[8] 18 Pa.C.S. § 2706(a)(1).

plea of *nolo contendere* on the charge of terroristic threats, and was sentenced to a term of time-served to 23 months' imprisonment. In addition, the trial court revoked Appellant's probation on the conspiracy count at Docket No. 4551-2003, and imposed a new violation of probation (VOP) sentence of 1½ to 3 years' imprisonment, followed by five years' probation. The court ordered the sentences in both cases to run concurrently.

On June 2, 2015, Appellant filed the instant *pro se* PCRA petition, which listed only Docket Nos. 4551-2003 (robbery and conspiracy) and 7022-2014 (terroristic threats).[9] Counsel was appointed and filed an amended petition on December 18, 2017, asserting prior counsel's ineffectiveness for failing to "warn [Appellant] of the consequences of his [*nolo contendere*] plea," specifically with regard to a pending federal indictment. Appellant's Amended Petition for Statutory Post-Conviction Relief, 12/18/17, at 2.

By way of background, on November 5, 2014, Appellant was indicted on federal drug charges. On February 4, 2016, he entered a guilty plea to one count in the federal indictment and was sentenced to a minimum term of 57 months' imprisonment. Appellant asserted his "criminal history score, and category, went from a 4 to a 9 [in the federal case] because of his [*nolo contendere*] plea [at Docket no. 7022-2014] . . . and the VOP." Appellant's Amended Petition at 5. He explained that in his federal case he received three

---

[9] We note that, by that time, Appellant had completed serving his aggregate ten-year imprisonment sentence at Docket No. 1891-2003 (four counts of robbery).

points for the terroristic threats conviction and another two points because he was charged with that crime while on probation for a prior offense. Appellant's PCRA petition further claimed plea counsel was ineffective for failing to inform him the negotiated sentence for the *nolo contendere* plea did not include the VOP sentence, and that it would negatively affect his sentencing in the pending federal case. ***Id.*** at 7-8. After hearing argument, the PCRA court found Appellant was not entitled to relief because he was no longer serving sentence at Docket No. 7022-2014. Thus, on May 21, 2019, the court entered orders at all three dockets dismissing the petition.[10] These timely, counseled appeals followed.[11]

Appellant raises two, related issues on appeal:

(A) Whether the court erred in failing to find a "short sentence" exception to the jurisdictional bar to bringing a PCRA petition on Appellant's conviction for Terroristic Threats where Appellant is serving a lengthy federal sentence and the guidelines range for said sentence was lengthened due to this conviction.

---

[10] As noted ***supra***, the PCRA petitions filed in June 2015 and December 2017 did not even list Docket No. 1891-2003. It is unclear from the record what petition the PCRA court was denying when it entered the order on May 21, 2019, at Docket No. 1891-2003.

[11] We note Appellant complied with the Pennsylvania Supreme Court's decision in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), and filed separate notices of appeal, each listing only one docket number. ***See Commonwealth v. Creese***, 216 A.3d 1142, 1144 (Pa. Super. 2019) (to comply with ***Walker***, each notice of appeal may contain only one docket number).

Furthermore, after requesting an extension of time, Appellant complied with the PCRA court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

(B)  Whether the court erred in denying a hearing for ineffective assistance of counsel where trial counsel failed to explain to Appellant that a plea of *nolo contendere* could result in a sentence for a violation of probation.

Appellant's Brief at 5.

Our standard of review of an order denying PCRA relief is well-established.  "[W]e examine whether the PCRA court's determination 'is supported by the record and free of legal error.'"  ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–84 (Pa. 2016) (citation omitted).  "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record."  ***Commonwealth v. Cruz***, 223 A.3d 274, 277 (Pa. Super. 2019) (citation omitted).  Furthermore,

> a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings.

***Commonwealth v. Shaw***, 217 A.3d 265, 269 (Pa. Super. 2019).

Relevant to the issue herein, we note that in order to be eligible for relief under the PCRA, a petitioner must plead and prove, *inter alia*, that he is "currently serving a sentence of imprisonment, probation or parole" for the conviction from which he seeks relief.  42 Pa.C.S. § 9543(a)(1)(i).  This Court has explained the requirements of Section 9543 "establish only a petitioner's eligibility for post-conviction relief, and do not implicate the PCRA court's jurisdiction to act on a petition." ***Commonwealth v. Fields***, 197 A.3d 1217, 1223 (Pa. Super. 2018) (*en banc*) (opinion in support of affirmance by Bender,

J.), *appeal denied*, 206 A.3d 1025 (Pa. 2019).[12]   Therefore, to the extent Appellant contends he was "jurisdictionally barred" from obtaining PCRA review, we find this statement to be a mischaracterization.[13]  **See** Appellant's Brief at 13.  Furthermore, we emphasize PCRA relief is offense specific, so that when a defendant is no longer serving a sentence for the crime at issue, he is no longer eligible for relief from that conviction.  **See Commonwealth v. Smith**, 17 A.3d 873, 904 (Pa. 2011) (challenges to conspiracy and possession of instrument of crime charges not cognizable under the PCRA because although appellant was still serving death sentence for murder, sentences for the other crimes had expired).

Preliminarily, we consider the PCRA court's order at Docket No. 1891-2003.  There is no dispute Appellant completed his five to 10-year aggregate sentence for robbery at this docket.  In fact, Appellant's underlying claim does not pertain at all to the convictions at that docket.  Rather, Appellant focuses on counsel's alleged ineffectiveness for persuading him to enter a *nolo contendere* plea to terroristic threats at Docket No. 7022-2014, without informing him that he would receive a separate sentence for the violation of

---

[12] Although **Fields** was a plurality decision, all of the judges agreed that Section 9543 pertains to the Act's eligibility requirements and not jurisdictional requirements. **See Fields**, 197 A.3d at 1223 (Opinion in Support of Affirmance by Bender, J.), 1225 (Opinion in Support of Reversal by Olson, J.), 1229 (Opinion in Support of Affirmance by Stabile J.).

[13] We note the PCRA court similarly misstated when it asserted Appellant's petition was "untimely."  PCRA Ct. Op. at 3 (unpaginated).

his probation at Docket No. 4551-2003, or that the plea would affect his sentence in a pending federal case. Appellant's Amended Petition at 7-8; Appellant's Brief at 21-22. In fact, Appellant does not include any argument regarding his conviction at this docket in his brief. Therefore, we affirm the order dismissing the petition at Docket No. 1891-2003.

Appellant's first issue on appeal challenges the PCRA court's conclusion that he is ineligible for relief at Docket No. 7022-2014 because he has, similarly, concluded serving his sentence for his sole conviction of terroristic threats at that docket. **See** Appellant's Brief at 13. Essentially, Appellant seeks an exception to the PCRA's eligibility requirement that a petitioner be "currently serving a sentence" for the crime at issue at the time relief is sought. **See** 42 Pa.C.S. § 9543(a)(1)(i).

Appellant's argument focuses on the Supreme Court's exceptions to its holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." **See id.** at 738. By way of background, the **Grant** Court sought to alleviate certain concerns hindering direct appellate review of ineffectiveness claims — "namely, the lack of a lower court opinion, the lack of a record, and placing the appellate court in the role of fact finder." **Commonwealth v. O'Berg**, 880 A.2d 597, 601-02 (Pa. 2005), citing **Grant**, 813 A.2d at 734, 737. However, the general deferral rule resulted in lost claims for defendants who were sentenced to short terms of imprisonment — i.e., those whose terms of imprisonment, probation and/or parole expired

before they had the opportunity to seek PCRA relief. Thus, the Supreme Court considered whether to craft a "short sentence" exception to *Grant* in *O'Berg*.

In that case, the defendant was sentenced to a term of 30 days to 23½ months' imprisonment. *O'Berg*, 880 A.2d at 598. Following the denial of post-sentence motions, the defendant obtained new counsel, and raised a claim concerning trial counsel's stewardship on direct appeal, which this Court dismissed without prejudice pursuant to *Grant*. *Id.* at 598-99. The defendant then requested the Supreme Court to recognize a "short sentence" exception to *Grant* because he was "in the unfair position of losing his opportunity to litigate his ineffectiveness claims" due to the short duration of his sentence. *Id.* at 599. The *O'Berg* Court rejected a blanket a "short sentence" exception, opining:

> [I]n *Grant*, we highlighted three main concerns underlying our decision . . . namely, the lack of a lower court opinion, the lack of a record, and placing the appellate court in the role of fact finder. . . . All of these concerns . . . are implicated in the instant case and simply cannot be ignored because of [the defendant's] "short sentence." In this case, there is no trial court record devoted to [the defendant's] claim of ineffectiveness. Thus, the appellate court would be entertaining an issue for the first time on appeal. Recognizing an exception in these circumstances would not serve our decision in *Grant*.
>
> Furthermore, the concept of a "short sentence" exception is too ambiguous to give the lower courts any guidance on what is a sufficiently "short sentence" to apply the exception. Would it be [a] seven-day sentence . . . , [a] ninety-day sentence . . . , or the thirty-day to twenty-three-month sentence imposed in the instant case? Indeed, on occasion, there have been instances where a direct appeal took more than four years to be completed. Thus, is four years a "short sentence" under some circumstances? In other words, there is simply no way to define "short sentence."

- 9 -

*Id.* at 601-02 (citations omitted).

Subsequently, however, in *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), the Supreme Court, while reaffirming its holding in *Grant*, crafted two limited exceptions when ineffectiveness claims may be reviewed on direct appeal: (1) in "an extraordinary case where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" or (2) where the trial court "in its discretion, and for good cause shown, permit[s] post-verdict review of multiple, and indeed comprehensive, ineffectiveness claims if such review is accompanied by a waiver of PCRA rights[.]" *Id.* at 577, 578 (footnote omitted). The Court noted that "unitary review" under the second exception "offers defendants who receive **shorter sentences** or probationary sentences the prospect of litigating their constitutional claims sounding in trial counsel ineffectiveness; for many of these defendants, post-appeal PCRA review may prove unavailable." *Id.* at 578 (emphasis added).

Nevertheless, following *Holmes*, the Supreme Court once again emphasized it did not endorse a general, "short sentence" exception to *Grant*, and emphasized the eligibility requirement that a petitioner be currently serving a sentence at the time relief is granted. In *Commonwealth v. Turner*, 80 A.3d 754 (Pa. 2013), the petitioner was sentenced to a term of two years' probation. *Id.* at 758. She did not file a direct appeal, but instead filed a timely PCRA petition. *Id.* While the petition was pending, Appellant

completed her sentence, and the Commonwealth moved to dismiss the petition. *Id.* The PCRA court denied the Commonwealth's motion and found the eligibility requirement under Section 9543(a)(1)(i) unconstitutional as applied to the petitioner because it deprived her of "her due process right to a remedy arising from the alleged denial of the effective assistance of counsel." *Id.* at 759. The Commonwealth appealed, and the Supreme Court reversed, explaining:

> Because individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence, the statutory limitation of collateral review to individuals serving a sentence of imprisonment, probation, or parole is consistent with the due process prerequisite of a protected liberty interest. 42 Pa.C.S. § 9543(a)(1)(i). Of course, the legislature was free to extend a statutory right of collateral review to individuals like [the p]etitioner who had completed their sentence and, had they done so, they would be constitutionally obligated to ensure that those rights were impacted only in accord with due process. However, the legislature did not do so. Rather, the General Assembly, through the PCRA, excluded from collateral review those individuals who were no longer subject to a state sentence, thereby limiting the statutory right of collateral review to those whose liberty was constrained.
>
> The legislature was aware that the result of the custody or control requirement of Section 9543(a)(1)(i) would be that defendants with short sentences would not be eligible for collateral relief. Indeed, that was the apparent intent: to restrict collateral review to those who seek relief from a state sentence. *See* [*Commonwealth v.*] *Ahlborn*, 699 A.2d 718 [(Pa. 1997)] (petitioner ineligible for PCRA relief where, following filing of PCRA petition and pending hearing, he was unconditionally released from prison). . . .
>
> \* \* \*
>
> [D]ue process, however, does not require infinite opportunity to attack a conviction under any and all circumstances; rather, it

permits our legislature through the PCRA statute to place limitations on claims of trial error and "strikes a reasonable balance between society's need for finality in criminal cases and the convicted person's need to demonstrate that there has been an error in the proceedings that resulted in [ ] conviction."

*Commonwealth v. Turner*, 80 A.3d 754, 766-67 (Pa. 2013) (some citations omitted).

Most recently, in *Commonwealth v. Delgros*, 183 A.3d 352 (Pa. 2018), the Court introduced another limited exception to *Grant* for those defendants who, at the time of sentencing, are statutorily precluded from seeking PCRA relief. In that case, the defendant, who was convicted of receiving stolen property, was not sentenced to any term or imprisonment or probation; instead, the trial court imposed a fine and ordered him to pay restitution. *Id.* at 354. He obtained new counsel and filed a post-sentence motion challenging, *inter alia*, trial counsel's infectiveness. *Id.* The trial court declined to review the ineffectiveness claims under *Grant*, and on direct appeal, this Court affirmed, finding neither of the *Holmes* exceptions applied. *Id.* at 355. Particularly, with regard to the second *Holmes* exception, the panel concluded the defendant could not waive PCRA review because he "would never be entitled to PCRA review under Subsection 9543(a)(1)(i)," since he was not incarcerated or on probation or parole. *Id.* The Supreme Court, however, vacated the judgment of sentence and remanded for the trial court to consider the defendant's post-sentence ineffectiveness claims. *Id.* at 363.

The Court explained that the second exception in *Holmes* was crafted to permit trial courts to "entertain challenges to trial counsel's stewardship where the defendants may not have the ability to raise such claims in collateral proceedings due to their potential ineligibility for PCRA review." *Delgros*, 183 A.3d at 361. Accordingly, the Court found the "reasoning in *Holmes* applie[d] with equal force to [the] circumstances" in *Delgros*, where the defendant "can **never** satisfy Subsection 9543(a)(1) because he was sentenced only to pay a fine." *Id.* (emphasis added). Thus, the Supreme Court opined:

> [T]o ensure that defendants are afforded an opportunity to challenge trial counsel's stewardship, we adopt an additional exception to *Grant*'s general deferral rule, requiring trial courts to address claims challenging trial counsel's performance where the defendant is **statutorily precluded** from obtaining subsequent PCRA review. While we have cautioned lower courts against creating exceptions to *Grant*'s general deferral rule, there is no impediment to this Court establishing a change in procedure where, as here, it serves the interests of justice.

*Id.* (citations omitted and emphasis added).

With this authority in mind, we consider Appellant's argument on appeal. Although he recognizes the general deferral rule in *Grant*, Appellant maintains "*Grant* was not meant to prevent ineffectiveness claims, but to ensure they were brought in the best forum for the majority of defendants." Appellant's Brief at 17. Thus, he insists he "must be granted **some** way to bring his claim" of plea counsel's ineffectiveness. *Id.* at 14.

To that end, Appellant argues we should find an exception to *Grant* based on the procedural posture of his case. First, he contends we should recognize a "short sentence" exception. Although the Supreme Court rejected

this exception in ***O'Berg***, Appellant emphasizes the Court did so because the term "short sentence" was "too ambiguous to give the lower courts any guidance." Appellant's Brief at 18-19, *citing* ***O'Berg***, 880 A.2d at 602. He insists, however, there is no ambiguity in his case, because the trial court sentenced him to "time served and was given credit for his time in custody." ***Id.*** at 19. Thus, Appellant argues we can find a short sentence exception in his case "without implicating any of our Supreme Court's concerns in ***O'Berg***." ***Id.***

Second, Appellant asserts he is entitled to relief pursuant to the Supreme Court's decision in ***Delgros***. Appellant's Brief at 19-20. Appellant insists it "serves the interest of justice to remand for post sentence motions here." ***Id.*** at 20. Appellant emphasizes that following sentencing, he was represented by the same court-appointed counsel until the time for filing post-sentence motions expired, and, therefore, he did not have the opportunity to challenge counsel's ineffectiveness. ***Id.*** Moreover, he argues he "suffered a serious infringement of his liberty as a result" of counsel's ineffectiveness because the guideline range for his federal sentence increased due to his terroristic threats conviction. ***Id.*** at 21. Appellant also claims he is "effectively still serving a sentence for the [terroristic threats] conviction[ ] because the present conviction caused the lengthy sentence in the federal matter," but he has no way to "challenge his current custody in any forum." ***Id.***

Here, the PCRA court found Appellant is ineligible for relief. The court opined:

The Post Conviction Relief Act requires that in order to be eligible for relief, "[a]t the time relief is granted", a petitioner must be, "[c]urrently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa. C.S.A. § 9543(a)(I)(i). Appellant is currently in custody serving a federal sentence and serving probation on his VOP for his [conspiracy] case however, his sentence on the terroristic threats case, at issue here, has expired. The PCRA eligibility requirements are both case specific and crime specific. Appellant made it clear during a PCRA hearing that the only charge relevant to the PCRA petition was the terroristic threats charge.

\* \* \*

Appellant argues that he is eligible for relief under the PCRA because he is serving a federal sentence that was lengthened due to his *nolo contendere* plea. However, collateral consequences of a sentence do not extend eligibility of PCRA relief to people whose sentences have expired. ***See*** [ ] ***Ahlborn***, 699 A.2d [at] 720 [ ] (Appellant not granted relief despite complaining of still suffering under consequences of his conviction including: driver's license suspension, future sentencing possibilities and recidivist enhancements); ***Commonwealth v. Fisher***, 703 A.2d 714, 716 (Appellant's sentence expired on the crime he sought relief for even though he was still incarcerated on a different case). . . . Appellant in this case is no longer serving a sentence on the criminal case in which he pled *nolo contendere*, therefore he is not entitled to PCRA relief.

Appellant seeks to claim relief under a short sentence exception to the PCRA eligibility requirement. Appellant cites [ ] ***O'Berg*** . . . to support this claim. In ***O'Berg***, [the] claimant's sentence was a maximum of twenty[-]three and a half months and he asked for an exception to the PCRA's eligibility rule because he wished to bring an ineffectiveness claim, which can only be brought in a PCRA, but his sentence had already ended due to its brevity. The Court in ***O'Berg*** ruled that a "short sentence" rule would be too ambiguous for courts to interpret. The Court later decided to carve out a limited exception allowing defendants to make ineffectiveness claims to the trial court instead of waiting for collateral review where the defendant is statutorily precluded from obtaining PCRA review. [ ] ***Delgros***, 183 A.3d [at] 361 . . . . Here, Appellant does not fall into this exception as he did not

- 15 -

file post-sentence motions or a direct appeal raising claims. No relief is due to Appellant.

PCRA Ct. Op. 3-6 (some citations omitted).

We agree. Appellant's attempt to resurrect a "short sentence" exception to **Grant** fails. Regardless of the duration of the sentence at issue herein, the Supreme Court has repeatedly rejected a "short sentence" exception to the general rule deferring ineffectiveness claims to collateral review. **See Turner**, 80 A.3d at 766-67; **O'Berg**, 880 A.2d at 601-02.

We also agree Appellant is entitled to no relief under **Delgros**. Indeed, unlike the defendant in that case, here, Appellant was not statutorily precluded from seeking PCRA relief by the very terms of his sentence. We note Appellant implies he completed serving his sentence immediately after the sentence was imposed. Indeed, he states he "received time served and was given credit for his time in custody[, and h]is continuing detention was only a result of the concurrent VOP." Appellant's Brief at 19. This, however, is a mischaracterization. Appellant was sentenced to **time-served to 23½ months'** imprisonment. At the December 11, 2014, plea hearing, counsel requested Appellant receive credit for time served from May 2014. Therefore, although he may have been eligible for release on the date of his hearing (absent his detention on the VOP sentence), he only "served" seven of the 23½-month maximum term imposed. Therefore, Appellant **could have** sought PCRA relief (and did) during his remaining 16½ months "on parole" for that crime. **See** 42 Pa.C.S. § 9543(a)(1)(i). Therefore, no relief under **Delgros** is warranted.

- 16 -

Recognizing his predicament, Appellant requests we remand the case so that he can file post-sentence motions *nunc pro tunc*, and raise counsel's ineffectiveness before the trial court, like the defendants in ***Holmes*** and ***Delgros***. ***See*** Appellant's Brief at 20-22. He emphasizes he was represented at the plea hearing by court-appointed counsel, who remained counsel of record during the time period for filing post-sentence motions and a direct appeal. ***Id.*** at 18 n.2, 20. Appellant insists "[h]e should not be denied his constitutional rights because he was unable to replace his attorney[,]" and counsel's "failure to file a direct appeal should not preclude him from pursuing an ineffectiveness claim against her." ***Id.*** However, nothing prevented Appellant from requesting new counsel after sentencing or during the period for filing a direct appeal. In addition, he did file a timely *pro se* PCRA petition in June of 2015, nine months before his sentence in this case expired in April of 2016. During that period, Appellant could have sought expedited review, but did not. Neither ***Holmes*** nor ***Delgros*** permits the type of *nunc pro tunc* relief Appellant requests here.

We also summarily reject Appellant's contention that he is "effectively still serving a sentence for the present conviction" because it increased his sentence in the federal matter. ***See*** Appellant's Brief at 21. As noted ***supra***, PCRA relief is offense specific. ***Smith***, 17 A.3d at 904. Here, Appellant's PCRA sought relief for counsel's purported ineffectiveness at Docket No. 7022-2014. However, he has completed serving that sentence. Accordingly, he is ineligible for PCRA relief. ***See*** 42 Pa.C.S. § 9543(a)(1)(i); ***Turner***, 80 A.3d at 766-67.

In his second issue, Appellant "challenges [plea counsel's] effectiveness concerning his VOP." Appellant's Brief at 22. He claims counsel "neglected to inform [him] that a plea of *nolo contendere* would result in a sentence for the VOP as well, and that the VOP was not included within the plea." **Id.** Indeed, Appellant maintains that if he had known this information, "he would not have pleaded." **Id.**

As noted **supra**, Appellant is still serving the VOP sentence at Docket No. 4551-2003. Thus, he is eligible for PCRA relief on that sentence pursuant to Subsection 9543(a)(1)(i). However, while Appellant appears to challenge counsel's ineffectiveness with regard to the VOP sentence, his requested relief is leave to withdraw the underlying **plea** at Docket No. 7022-2014. **See** Appellant's Amended Petition at 3 ("Accordingly, [Appellant] is entitled to withdraw his plea and pursue his trial."); Appellant's Brief at 22 ("Had [Appellant] been aware of the 1-3 sentence for the VOP, he would not have pleaded guilty."). Furthermore, Appellant acknowledged in his amended petition that only the **conviction** at Docket No. 7022-2014, and not the VOP sentence, increased the grading of his federal sentence. **See** Appellant's Amended Petition at 5. Therefore, to the extent this claim is a "back door" challenge to his conviction at Docket No. 7022-2014, we conclude Appellant is ineligible for relief.

Nevertheless, even if we were able to review this claim under the rubric of Docket No. 4551-2003, we would agree with the PCRA court's conclusion that no relief is warranted:

> Prior to the taking of the [*nolo contendere*] plea, Appellant's Parole Agent was present recommending revocation on the underlying case and a sentence of state incarceration. N.T. 12/11/14 at 4. This Court, during the plea colloquy, advised Appellant of the direct violation consequences of his plea, to which Appellant affirmed he understood and still wished to enter his plea. *Id.* at 6-7. Additionally, Appellant confirmed that he had discussed the plea along with the consequences thereof with his attorney. *Id.* at 8. Appellant expressed satisfaction with his attorney who the record indicates was fully knowledgeable about his violation matter. *Id.* at 15-16, 21-22. There is nothing to support Appellant's claim that counsel did not discuss with Appellant the violation consequences of his plea. During the colloquy, Appellant confirmed that "There is no agreement for a recommendation with regards to [his] state probation violation matter[.]" *Id.* at 6. Appellant's ineffectiveness of counsel claim is meritless.

PCRA Ct. Op. at 6.

The PCRA court's findings are supported by the record, and free of legal error. *See Mitchell*, 141 A.3d at 1283–84; *Cruz*, 223 A.3d at 277. It is well-settled that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa. Super. 2018), *citing Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003). Here, Appellant acknowledged at the plea hearing that, while there was a negotiated sentence for the *nolo contendere* plea, there was no agreement as to the sentence for the VOP, and furthermore that he had the opportunity to discuss both the plea and VOP with counsel. *See* N.T., 12/11/14, at 6-8. Thus, his claim that counsel failed to advise him he would receive a separate

sentence for his VOP is belied by the record. Therefore, we do not disturb the PCRA court's orders at Docket Nos. 4551-2003 and 7022-2014.

Accordingly, we affirm the orders dismissing Appellant's request for PCRA relief at Docket Nos. 1891-2003, 4551-2003, and 7022-2014.

Orders affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/3/2020*